**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **JEANNIE L. LIRETTE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-2954** |
| **SYMETRA LIFE INSURANCE COMPANY** | **SECTION: "G"** |

## ORDER AND REASONS

Plaintiff Jeannie L. Lirette ("Plaintiff") brings this suit against Defendant Symetra Life Insurance Company ("Symetra").[1] Plaintiff seeks to recover disability benefits allegedly owed to her under the terms of the group disability policy Symetra issued to Plaintiff's employer, the Terrebonne Parish Sherriff's Office.[2] Before the Court is Symetra's "Motion to Dismiss for Lack of Subject Matter Jurisdiction."[3] Plaintiff opposes the motion.[4] Having considered the motion, the memoranda in support and opposition, the record, and the applicable law, the Court denies the motion.

## I. Background

On October 30, 2020, Plaintiff filed a complaint in this Court, alleging diversity jurisdiction pursuant to 28 U.S.C. § 1332.[5] In the Complaint, Plaintiff alleges that she worked as a correctional

---

[1] Rec. Doc. 1.

[2] *Id.* at 1.

[3] Rec. Doc. 10.

[4] Rec. Doc. 14.

[5] Rec. Doc. 1.

officer at the Terrebonne Parish Sheriff's Office ("TPSO").[6] Plaintiff alleges that as an employee of TPSO, she was insured under a group disability policy with Symetra.[7] Plaintiff asserts that she is disabled under the terms of the policy and has "provided [Symetra] with ample medical documentation and other evidence supporting her claim for disability benefits."[8]

Plaintiff claims that despite providing satisfactory proof of her entitlement to benefits, Symetra refused to "promptly and fairly adjust and pay this claim."[9] Plaintiff alleges that Symetra "unlawfully terminated Plaintiff['s] benefits she is entitled to" under the terms of the policy.[10] Plaintiff now seeks past and future disability benefits under the policy, penalties and attorney's fees under Louisiana Revised Statute § 22:1821, and damages for emotional and physical distress.[11]

On January 25, 2021, Symetra filed the instant motion to dismiss.[12] On February 16, 2021, Plaintiff filed an opposition to the motion.[13] On February 25, 2021, with leave of Court, Symetra filed a reply in further support of the motion to dismiss.[14]

---

[6] *Id.* at 2.

[7] *Id.* at 1.

[8] *Id.* at 2.

[9] *Id.*

[10] *Id.* at 2–3.

[11] *Id.* at 3–4.

[12] Rec. Doc. 10.

[13] Rec. Doc. 14.

[14] Rec. Doc. 17.

## II. Parties' Arguments

### A.    *Symetra's Arguments in Support of the Motion to Dismiss*

Symetra argues that this case should be dismissed because Plaintiff's claims do not meet the $75,000.00 amount-in-controversy (the "AIC") requirement under 28 U.S.C. § 1332 and therefore, this Court lacks jurisdiction over this case.[15] Because Plaintiff did not allege a specific amount of damages in the Complaint, Symetra asserts that it either must be "facially apparent" from the Complaint that Plaintiff's claims satisfy the AIC or if not, the Court must look to summary judgment-type evidence to determine the AIC.[16]

Symetra claims that it is not facially apparent from the Complaint that the AIC requirement is met.[17] Symetra contends that Plaintiff failed to establish when benefits were allegedly due to Plaintiff or the amount she alleges were unpaid under the terms of the group disability policy.[18] Moreover, Symetra argues, in calculating the AIC for jurisdictional purposes, Plaintiff cannot include any alleged future disability payments.[19]

Because it is not facially apparent that Plaintiff's claims satisfy the AIC requirement, Symetra argues that Plaintiff must show by a preponderance of the evidence that her claim exceeds $75,000.[20] Symetra contends that Plaintiff cannot meet this burden.[21] Symetra argues that under

---

[15] Rec. Doc. 10-1 at 1, 3.

[16] *Id.*

[17] *Id.*

[18] *Id.* at 5–6.

[19] *Id.* at 5.

[20] *Id.* at 6.

[21] *Id.*

3

the terms of the disability policy, Plaintiff received a monthly benefit of $1,650.00 prior to termination of her claim on October 6, 2019.[22] Assuming that Plaintiff was owed benefits from October 6, 2019 until this case was filed, Symetra argues that the total benefit amount allegedly owed to Plaintiff would equal at most $21,120.[23]

Moreover, Symetra contends that Plaintiff's claims for penalties and attorney's fees "do not elevate" this $21,120 benefits claim to over $75,000.00.[24] Symetra alleges that under Louisiana Revised Statute § 22:1821, Plaintiff would be entitled to penalties double the amount of the alleged disability benefits.[25] Symetra contends that penalties would therefore equal $21,120.[26] Likewise under Section 22:1821, Plaintiff seeks attorney's fees. Symetra estimates that while "Symetra has no information regarding Plaintiff's fee arrangement with her attorney," Plaintiff would be owed $13,939.20 under a "standard contingency [fee] of one-third."[27] Total, Symetra argues, these amounts equal $56,179.20, an amount below the $75,000 AIC threshold required for diversity jurisdiction.[28]

**B.      *Plaintiff's Arguments in Opposition to the Motion***

---

[22] *Id.*

[23] *Id.*

[24] *Id.*

[25] *Id.* at 7.

[26] *Id.*

[27] *Id.*

[28] *Id.*

In response, Plaintiff asserts that the AIC exceeds $75,000 because she is seeking: (i) "benefits under policy terms," (ii) penalties and attorney's fees under Louisiana Revised Statute § 22:1821, and (iii) "emotional distress damages."[29]

First, Plaintiff concurs with Defendant that if successful in this case, she is owed $21,120.00 in past benefits under the terms of the policy.[30] Plaintiff contends that she is also owed benefit payments until she reaches age 67.[31] Plaintiff argues that the value of these future benefits, applying a "present value discount," is approximately $303,742.00.[32] Plaintiff alleges that future benefits can properly be included when determining the AIC.[33]

Plaintiff next argues that she is owed penalties and attorney's fees under Louisiana Revised Statute § 22:1821.[34] Plaintiff claims that Louisiana Revised Statute § 22:1821 provides for penalties in an amount double to the amount of benefits owed, thereby increasing Plaintiff's claimed damages by an additional $21,120.00.[35] Further, Plaintiff seeks reimbursement for her attorney's fees which Plaintiff estimates to be $40,000.00 based on her counsel's hourly rate, a rate she asserts is consistent with "other partner-level attorneys in this [C]ourt and within the Fifth Circuit," multiplied by a "conservative estimate" of the 100 hours he will spend on this case.[36]

---

[29] Rec. Doc. 14 at 1.

[30] *Id.*

[31] *Id.* at 2.

[32] *Id.*

[33] *Id.*

[34] *Id.*

[35] *Id.* at 2–3.

[36] *Id.*

Therefore, even removing future disability payments from consideration, Plaintiff claims that the total amount owed to her for past disability payments, penalties, and attorney's fees exceeds $75,000.00.

Finally, Plaintiff brings a claim for emotional distress.[37] Plaintiff alleges that damages for emotional distress claims can reach $50,000.00 to $300,000.00.[38]

## C.   *Symetra's Arguments in Further Support of the Motion*

In reply, Symetra again argues that Plaintiff has not proven by a preponderance of the evidence that her claims exceed the $75,000 AIC requirement for federal diversity jurisdiction.[39] First, Symetra claims that Plaintiff cannot include claims for future benefits when calculating the AIC.[40] Next, Symetra argues that Plaintiff's estimation of $40,000 in attorney's fees is unreasonable.[41] Symetra contends that Plaintiff has provided no evidence that her attorney charges $400 per hour for litigating disability benefits.[42] Symetra points to other lawyers experienced in disability claims who charge approximately $220 per hour, far less than Plaintiff's counsel's claimed rate.[43] Symetra claims that applying the $220 rate and estimating 100 hours of work would

---

[37] *Id.* at 4.

[38] *Id.*

[39] Rec. Doc. 17 at 1.

[40] *Id.* at 2.

[41] *Id.* at 3.

[42] *Id.*

[43] *Id.*

provide Plaintiff with $22,000.00 in attorney's fees.[44] Symetra argues that adding $22,000.00 to the $21,120.00 past benefits claim and $21,120.00 penalties claim is still less than $75,000.00.[45]

Further, Symetra argues that Plaintiff has not shown that emotional distress damages can be considered in calculating the AIC.[46] Symetra alleges that under Louisiana law, Plaintiff cannot recover emotional distress damages for a breach of insurance contract claim.[47]

Therefore, because Plaintiff cannot show that the AIC in the instant case exceeds $75,000, Symetra asserts that Plaintiff's claim must be dismissed for lack of subject matter jurisdiction.[48]

### III. Legal Standard on a Rule 12(b)(1) Motion to Dismiss

"Federal courts are courts of limited jurisdiction," and "possess only that power authorized by the Constitution and statute."[49] A federal court has subject matter jurisdiction over an action pursuant to 28 U.S.C. § 1332, in cases in which there is (1) diversity between the parties; and (2) an amount in controversy exceeding $75,000, "exclusive of interest and costs."[50] The burden of proving such jurisdiction, commonly known as diversity jurisdiction, "rests upon the party who seeks to invoke the court's diversity jurisdiction."[51]

---

[44] *Id.* at 5.

[45] *Id.*

[46] *Id.*

[47] *Id.* at 6–8.

[48] *Id.* at 8.

[49] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted).

[50] 28 U.S.C. § 1332.

[51] *Getty Oil Corp., a Div. of Texaco Inc. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988).

A plaintiff's "good faith assertion that the amount in controversy exceeds $75,000" is typically sufficient to satisfy the amount in controversy requirement.[52] However, if the court determines to a "legal certainty" that the jurisdictional amount is not met,[53] the court must decline jurisdiction under Rule 12(b)(1).[54]

When a plaintiff fails to plead a specific amount of damages, "the party invoking federal jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount."[55] In determining whether the jurisdictional amount has been met, the Fifth Circuit instructs district courts to look first at the face of the complaint.[56] If the amount in controversy is uncertain from the face of the complaint, the court can look to summary judgment-like evidence, but only to the extent such evidence sheds light on the amount in controversy at the time suit was first brought.[57] While "[t]he determination of whether the requisite amount in controversy exists is a federal question," courts apply state law "insofar as it defines the nature and extent of the right plaintiff seeks to enforce."[58]

## IV. Analysis

Plaintiff filed this suit against Defendant in this Court asserting diversity jurisdiction under

---

[52] *Chauvin v. Symetra Life Ins. Co.*, 422 F. Supp. 3d 1145, 1151 (E.D. La. 2019) (Fallon, J.).

[53] *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

[54] *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1000 (5th Cir. 1998) (internal citation omitted).

[55] *St. Paul*, 134 F.3d at 1253.

[56] *Id.*

[57] *Id.* at 1253–54.

[58] *Oliveira v. Martins*, No. 14-482, 2014 WL 4186675, at *3 (E.D. La. Aug. 21, 2014) (Africk, J.) (quoting *Duderwicz v. Sweetwater Savings Ass'n*, 595 F.2d 1008, 1012 (5th Cir. 1979)) (internal quotation marks omitted).

28 U.S.C. § 1332. It is undisputed that complete diversity of citizenship exists.[59] However, Defendant argues that this Court lacks subject matter jurisdiction over this action because the amount in controversy does not exceed $75,000. Plaintiff did not plead a specific amount of damages in the Complaint. Therefore, Plaintiff must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.[60]

Plaintiff contends that she has satisfied this burden because the sum of (i) past benefits owed to Plaintiff under the terms of the policy at issue and (ii) penalties and attorney's fees under Louisiana Revised Statute § 22:1821 exceeds the $75,000 jurisdictional requirement. Additionally, Plaintiff argues that in calculating the AIC, future disability payments and emotional distress damages can and should be considered by this Court, raising Plaintiff's claim to well beyond the jurisdictional requirement.

The parties agree that Plaintiff's claim for past benefits owed under the terms of Plaintiff's disability policy totals $21,120.00.[61] Likewise, they agree that Plaintiff's potential penalties award under Louisiana Revised Statute § 22:1821 would also equal $21,120.00.[62] Adding these two amounts yields an undisputed AIC of $42,240.00. The parties disagree over whether Plaintiff's claims for (i) attorney's fees, (ii) future disability payments, and (iii) emotional distress damages bring the AIC above $75,000.

Section 22:1821 provides in pertinent part:

A.  All claims arising under the terms of health and accident contracts issued in this

---

[59] Rec. Doc. 10-1 at 3.

[60] *St. Paul*, 134 F.3d at 1253.

[61] Rec. Doc. 10-1 at 6; Rec. Doc. 14 at 1.

[62] Rec. Doc. 10-1 at 7; Rec. Doc. 14 at 3.

state, except as provided in Subsection B of this Section, shall be paid not more than thirty days from the date upon which written notice and proof of claim, in the form required by the terms of the policy, are furnished to the insurer unless just and reasonable grounds, such as would put a reasonable and prudent businessman on his guard, exist. The insurer shall make payment at least every thirty days to the assured during that part of the period of his disability covered by the policy or contract of insurance during which the insured is entitled to such payments. **Failure to comply with the provisions of this Section shall subject the insurer to a penalty payable to the insured of double the amount of the health and accident benefits due under the terms of the policy or contract during the period of delay, together with attorney fees to be determined by the court.** Any court of competent jurisdiction in the parish where the insured lives or has his domicile, excepting a justice of the peace court, shall have jurisdiction to try such cases.

Attorney's fees are to be considered in determining the amount in controversy for a claim brought under Section 22:1821.[63]

According to the Fifth Circuit, state law controls "the reasonableness of fees awarded where state law supplies the rule of decision."[64]  Under Louisiana law, "the initial estimate of a reasonable attorney fee is properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate, otherwise known as the 'lodestar method.'"[65] A reasonable hourly rate is to be determined "according to the prevailing market rates in the relevant community" for attorneys of similar experience in similar cases.[66] "To inform and assist the court in the exercise of its discretion, the burden is on the fee applicant to produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in

---

[63] *Chauvin*, 422 F. Supp. 3d at 1153 (citing *St. Paul*, 134 F.3d at 1253).

[64] *Walker Int'l Holdings, Ltd. v. The Republic of Congo*, 415 F.3d 413, 415 (5th Cir. 2005) (citing *Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002))

[65] *Covington v. McNeese State Univ.*, 2012-2182 (La. 5/7/13), 118 So. 3d 343, 350 (citing *Blum v. Stenson*, 465 U.S. 886, 895 (1984).

[66] *Id*. (citing *Blum*, 465 U.S. at 895).

line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation."[67] A rate determined in this way is normally deemed to be reasonable and is considered to be "the prevailing market rate."[68]

In *State Department of Transportation and Development v. Williamson*, the Louisiana Supreme Court set forth ten factors to be considered in determining the reasonableness of a fee award: (1) the ultimate result obtained; (2) the responsibility incurred; (3) the importance of litigation; (4) the amount of money involved; (5) the extent and character of the work performed; (6) the legal knowledge, attainment, and skill of the attorneys; (7) the number of appearances involved; (8) the intricacies of the facts involved; (9) the diligence and skill of counsel; and (10) the Court's own knowledge.[69]

At this stage of the litigation, the Court does not have sufficient information to do a full analysis of the *Williamson* factors. Instead, the Court will analyze only whether Plaintiff's estimate of her attorney's fees is reasonable. The parties seemingly agree that 100 hours is a reasonable estimate for Plaintiff's attorney to spend litigating the instant case.[70] The parties' disagreement, therefore, stems only from whether Plaintiff's estimation of her attorney's hourly rate is appropriate. Plaintiff claims that her attorney's "customary hourly rate" is $400 per hour.[71]

---

[67] *Id*.

[68] *Id.*

[69] 597 So. 2d 439, 442 (La. 1992).

[70] Rec. Doc. 14 at 3; Rec. Doc. 17 at 5. In the instant motion, Symetra initially alleges that Plaintiff's attorney fees should be a "standard contingency of one-third" the amount of $42,240.00, the total of Plaintiff's past benefits and penalties claim. Rec. Doc. 10-1 at 7. In the reply brief, however, Symetra applied Plaintiff's 100-hour estimate and utilized the lodestar method. Rec. Doc. 17 at 5.

[71] Rec. Doc. 14 at 3.

Multiplying $400 times 100 hours, Plaintiff estimates that her attorney's fees for this litigation will total $40,000.00.[72] Symetra, by contrast, claims Plaintiff's counsel's rate of $400 per hour is unreasonable, and should instead be estimated at the rate of $220 per hour.[73] Multiplying $220 times 100 hours of work, Symetra alleges that Plaintiff's attorney's fees will equal $22,000.00.[74]

Plaintiff has provided evidence in support of her attorney's proposed fee of $400 per hour. Plaintiff submitted a declaration of her counsel, Reagan Toledano, a law firm partner with 15 years' experience, stating that his customary hourly rate is $400 when "representing clients in claims for long term disability benefits on a time and cost basis" and that $400 has been his "hourly rate for several years."[75] In light of the fact that "[t]he reasonable hourly rate for a particular community is generally established through affidavits of other attorneys practicing there, not the fee-seeker's attorney,"[76] Plaintiff also attached declarations of William T. Allison, James Plummer, and James F. Willeford that were submitted in a previous case in the Eastern District of Louisiana, *Thompson v. Aetna Life Insurance Company*, 14-2828.[77] Each declaration supports the fact that Mr. Toledano's hourly rate of $400 was reasonable.[78] Each attorney attested that they similarly charged at least $400 per hour for long-term disability benefits cases.[79] While Symetra

---

[72] *Id.*

[73] Rec. Doc. 17 at 4–5.

[74] *Id.* at 5.

[75] Rec. Doc. 14-1 at 1.

[76] *DeArmond v. All. Energy Servs., LLC*, No. 17-02222, 2018 WL 2463207, at *4 (E.D. La. June 1, 2018).

[77] Rec. Doc. 14-2.

[78] *Id.*

[79] *Id.*

attempts to distinguish this case from *Thompson* because unlike *Thompson* ERISA does not govern Plaintiff's alleged benefits in the instant matter, this argument is unavailing.[80] Although this case may not be governed by ERISA, Mr. Toledano's past ERISA work remains relevant to determining the proper hourly rate in the instant disability benefits dispute.

Further, this Court's review of applicable case law in this district confirms that while $400 per hour may be on the higher end of the New Orleans legal market generally, a fee of $350 per hour, for example, has been found to be reasonable for a partner of Mr. Toledano's experience and expertise.[81] Estimating Mr. Toledano's work at 100 hours at a fee of $350 per hour, Plaintiff's attorney's fees would equal $35,000.00. This amount added to Plaintiff's $42,240.00 claim for past benefit payments and penalties would raise the AIC to $77,240.00, past the jurisdictional requirement. Therefore, even using this discounted estimate of Plaintiff's attorney's fees, Plaintiff has met her burden of establishing by a preponderance of the evidence that the AIC is satisfied in this case.

### V. Conclusion

For the foregoing reasons, Plaintiff has met her burden of establishing by a preponderance of the evidence that the AIC is satisfied in this case. Accordingly, the Court need not consider the proposed sur reply brief filed by Plaintiff. Accordingly,

---

[80] Rec. Doc. 17 at 4.

[81] *See, e.g.*, *REC Marine Logistics, L.L.C. v. Richard*, No. 19-11149, 2020 WL 1527766, at *3 (E.D. La. Mar. 27, 2020) (finding that $375.00/hour for an attorney with 13 years of experience is reasonable in this district).

**IT IS HEREBY ORDERED** that Defendant Symetra Life Insurance Company's "Motion to Dismiss for Lack of Subject Matter Jurisdiction"[82] is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff Jeannie Lirette's "Motion for Leave to File Sur Reply Memorandum to Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction"[83] is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Plaintiff Jeannie Lirette's "Motion for Leave to File Reply Memorandum to Defendant's Opposition to Plaintiff's Motion for Leave to File Sur Reply to Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction"[84] is **DENIED AS MOOT**.

**NEW ORLEANS, LOUISIANA,** this 2nd day of August, 2021.

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[82] Rec. Doc. 10.

[83] Rec. Doc. 18.

[84] Rec. Doc. 20.

14